

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ECOLOGY MIR GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:17-cv-00755 (LMB/IDD) |
| JOSEPH J. HANSON, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## RULE 16(B) SCHEDULING ORDER

Because the parties' Joint Discovery Plan [Dkt. No. 17] adequately addresses the matters that would be discussed during the initial pretrial conference and counsel consent to waiving their appearances at the initial pretrial conference, the initial pretrial conference scheduled for August 23, 2017, pursuant to Rule 16(b) and this Court's August 7, 2017 Order, is cancelled. Upon consideration of the representations made by the parties in their Joint Discovery Plan, the Court makes the following rulings:

1. All discovery shall be concluded by December 15, 2017.

2. **Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto <u>shall not be filed except on order of the court</u>, or for use in a motion or at trial.**

3. The parties' Joint Discovery Plan is approved and shall control discovery to the extent of its application unless further modified by the Court.

4. All Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by September 15, 2017.

5. Any motion to amend the pleadings or to join a party shall be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

6. Expert disclosures shall be governed by the schedule set forth in paragraph 9 of the parties' Joint Discovery Plan.

7. To the extent either party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

8. Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004). Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5. Local Civil Rule 5 has recently been amended. The amended version of Local Civil Rule 5 alleviates the need to file a notice of hearing. The motion must state sufficient facts supporting the action sought, and each proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meet the requirements of Local Civil Rule 5. Only the particular material found to meet the required standard may be sealed, with the remainder filed in the public record. An unsealed, redacted version of the filing in issue shall be filed with the motion to seal.

9. **A paper copy of any non-dispositive motion and all papers relating to the motion shall be delivered to the Clerk of Court within one day of the electronic filing.**

10. All motions, except for summary judgment, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference. Dispositive motions and motions for

patent claim construction shall be filed and briefed on the schedule set forth in Local Civil Rule 7(F)(1) and (K), which read together with Fed. R. Civ. P. 6(d) requires that an electronically filed motion be filed twenty-one (21) days prior to the hearing date. Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after **service** of the motion and a reply brief may be filed 6 days after the **service** of the response. The periods for filing a response brief and a reply shall apply without regard to the mode of service used for those briefs. Any dispositive motion against a *pro se* party must contain the notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

11. Any non-dispositive motion may be **filed** by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response must be **filed** by no later than 5:00 p.m. the Wednesday before the hearing and any reply should be **filed** as early as possible on Thursday to give the Court time to review all pleadings before the hearing. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing in accordance with the briefing schedule provided in Local Civil Rule 7(F)(1) discussed above to provide additional time for briefing and consideration by the Court. All discovery motions must contain a statement that counsel for the parties have made a good-faith effort to narrow areas of disagreement in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E).

12. All Fed. R. Civ. P. 12 issues shall be raised in one pleading unless leave of court is first obtained. All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained.

13. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in

numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

14. All motions must adhere to the page limits set in Local Civil Rule 7(F)(3). No pleading shall be in type less than ten (10) pitch or twelve (12) point.

15. In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given. In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

Entered this 17th of August 2017.

                                            /s/
                                       Ivan D. Davis
                                       United States Magistrate Judge

Alexandria, Virginia