IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ECOLOGY MIR GROUP, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 1:17-cv-00755-LMB-IDD |
| | : | |
| JOSEPH J. HANSON, et al., | : | |
| | : | |
| Defendants. | : | |

DEFENDANTS' REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(6)

Defendants' disagree with the arguments proffered by the Plaintiff in its Opposition to Defendants' Motion to Dismiss ("Memo in Opp.") and largely rests on the arguments and caselaw contained in its Memorandum in Support of Defendants' Motion to Dismiss (doc..

However, the following points are worth the Court's attention considering the Plaintiff's arguments:

I.   Ambiguity Another Means to Overbreadth

In an attempt to narrow the breadth of the confidentiality provision, EMG argues that "although the provision contains a long list of the type of information that may fall within its scope, all such information must have been treated 'secret or confidential' by EMG or its business partners to be protected." (Memo in Opp. p. 6). If this were the only interpretation, the Defendant would agree.

Such a reading requires the reader the Court to treat the phrase "that are treated as or designated secret or confidential,"(Compl. Ex. A, § 1), as a postpositive modifier that applies to every preceding noun and phrase before it in the Agreement. The Series-Qualifier Canon

provides that "[w]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series." Antonin Scalia, et al., *Reading Law: The Interpretation of Legal Texts* 147-151 (Thomson/West 1st ed. 2012)

The long list of nouns and phrases before the modifier, "that are treated as or designated secret or confidential," are not grammatically parallel, in which case the Nearest-Reasonable-Referent Canon applies, which provides "[w]hen the syntax involves something other than a parallel series of nouns or verbs, a prepositive or postpositive modifier normally applies only to the nearest reasonable referent." *Id.* at 152-53. In this construction, only the nouns "other information or procedures" are modified by the phrase "that are treated as or designated secret or confidential." The modifier would not apply to the phrase "all rights and information necessary to produce/market all products of Company and to conduct business of Company as conducted or planned or which pertains in any manner to subjects or knowledge of the business or operation of Company or other information, tangible or intangible, owned, developed or possessed by company, whether or not marked as 'confidential'. . ." Application of the Nearest-Reasonable-Referent Canon renders the confidentiality provision of this Agreement impermissibly broad and unenforceable, reflecting no balance between the employer and "the employee's general right to make sure of knowledge and skills acquired through experience in the field for which he is best suited." *Lasership, Inc. v. Watson*, 79 Va. Cir. 205, 210 (Fairfax 2009). The Plaintiff does not even offer a defense to this interpretation.

"As a restraint of trade, the covenant must be strictly construed and, if ambiguous, it must be construed in favor of the employee." *Motion Control Sys., Inc. v. East*, 262 Va. 33, 37 (2001). When a restraint is susceptible to multiple meanings, one or which is overbroad, and thus

unenforceable, the clause fails. *See Lanmark Tech, Inc. v. Canales*, 454 F. Supp. 2d 524, 529 (E.D. Va. 2006).

EMG also attempts to argue that the contract was merely meant to memorialize a common law duty not to reveal confidential information. Memo in Opp. p. 6. EMG cites two cases for this proposition, one forty six (46) years old[1] and the other fifty four (54) years old[2], neither of which identify any Virginia source for this "common law." The Plaintiff has not alleged a common law claim for violation of fiduciary duty, the Plaintiff has alleged breach of contract. By requesting that this Court consider parol evidence to explain the written contract, EMG admits that the contract contains an ambiguity[3] and, therefore, must be interpreted in favor of the employee, Mr. Hanson, pursuant to Virginia law.

II. Noncompete Overbreadth Not Cured by Type of Business at Issue

EMG also argues that an unlimited geographic scope of the "noncompete" is not unreasonable in this matter given the nature of government contracting business at issue. This might be true if the restrictive covenant only limited Mr. Hanson from working for businesses competitive with EMG and rendering competing services. However, the noncompete at issue here has no such limitation as it prevents Mr. Hanson from being "employed in a business *substantially similar* to . . . the present business of the Company."(Compl. Ex. A, § 7) For example, because Mr. Hanson is prevented from working for a substantially similar company

---

[1] *Bull v. Logetronics, Inc.,* 323 F. Supp. 115, 133 (E.D. Va. 1971)

[2] *Community Counseling Service v. Reilly*, 317 F.2d 239, 244 (4th Cir. 1963)

[3] *Galloway Corp. v. S.B. Ballard Const. Co.*, 250 Va. 493, 502 (1995)("If the terms of the parties' agreement are contained in a clear and explicit writing, that writing is the sole memorial of the contract and the sole evidence of the agreement. In that event, parol evidence cannot be sued to explain the written contractual terms.")

worldwide, even if that business does not compete with EMG, Mr. Hanson would be prevented for working for a company, in any capacity, that bids on contracts with the governments of foreign nations where EMG does not operate. On its face, this is an unreasonable restraint of trade and protects no legitimate business interest of EMG.

III. Virginia State Courts Refuse to "Blue-Pencil" Invalid Covenants Even When Saving's Clause in Contract Instructs Otherwise

EMG argues that the Court may reform, or "blue pencil," the Contract based on a Partial Invalidation provision which provides that if any portion of the Agreement is to be held invalid, unenforceable, or void, the parties agree that the portion so held "shall, if possible, be deemed amended or reduced in scope." Memo in Opp., p. 11(citing Compl. Ex. A. § 12).

This exact issue was decided by a Fairfax Circuit Court, which held that a "savings clause" in a contract, which allowed a court to narrow the effect of a restrictive covenant, invites the judiciary to become the employer's scrivener. *See N. Virginia Psychiatric Group, P.C. v. Halpern*, 19 Va. Cir. 279, 1990 WL 10039277, at *2 (1990). The Court declined to narrow the contract noting that nothing in court's history suggests that a Virginia court would willingly place itself in such an unrestrained position. *Id.* Furthermore, the Court also believed that adopting a "blue pencil" rule would conflict with the Virginia Constitutional clause prohibiting interference with contracts. *Id.* (citing Va. Const. Art. I, § 11).

IV. Uniform Trade Secrets Act Does Not Create Other Civil Remedies

In support of its argument that the Defendants are "plainly wrong" in stating that conversion does not apply intangible property other than that merged with a document, the Plaintiff cites to the Uniform Trade Secrets Act ("USTA") which provides that it does not displace other civil remedies that are not based on a misappropriation of a trade secret. Memo in Opp. p. 21.

It is unclear how the statute cited by the Plaintiff supports its position as it merely disclaims any effect on civil remedies not based on misappropriation of a trade secret. *See* Va. Code Ann. § 59.1-341.  The two examples cited in the annotated code both hold that the USTA does not preempt a "tortious interference with contractual relations" cause of action, which, if nothing else, undermine the Plaintiff's implication that this clause in the UTSA must be referring to the existence of a conversion action for intangible property. *See id. (*citing *Combined Inc. Co. of Am. v. Wiest*, 578 F.Supp. 2d 822(W.D. Va. 2008); *Smithfield Ham & Products Co. Inc. v. Portion Pac, Inc.*, 905 F. Supp. 346 (E.D. Va. 1995)).

WHEREFORE, in consideration of the arguments made in their original Memorandum in Support of the Motion to Dismiss (doc. 13), along with the additional arguments made in this Reply Brief, the Defendants request that the Court grant this motion in all respects and dismiss with prejudice Counts I, II, V, and VI of the Plaintiff's Complaint.

        Respectfully Submitted,

/s/ Nathan D. Baney_____
Nathan D. Baney
Va. Bar # 75935
BANEYLAW, P.C.
2121 Eisenhower Ave, Suite 200
Alexandria, Virginia  22314
Telephone: 571.303.9102
Facsimile:  240.556.0304
Email:  Nathan@baneylaw.com

## **CERTIFICATE OF SERVICE**

Nathan D. Baney, hereby certifies that on August 25th, 2017 he electronically filed the foregoing Reply with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Andrew S. Baugher (VSB #74663)
>Patrick C. Asplin (VSB #46620)
>Lenhart Pettit
>90 N. Main St.
>P.O. Box 1287
>Harrisonburg, Virginia  22803
>Tel: 540.437.3100
>Fax:  540.437.3101
>pca@lplaw.com
>asb@lplaw.com
>*Counsel for Plaintiff*

>/s/ Nathan D. Baney_____